## CIRCUIT COURT OF THE CITY OF PETERSBURG

Barry C. Johnson

v.

Warden of the Buckingham
Correctional Center

August 17, 1987

By JUDGE OLIVER A. POLLARD, JR.

In this case, Petitioner, Barry C. Johnson, entered a plea of guilty to involuntary manslaughter on December 30, 1985. A Plea Agreement was tendered to and accepted by the Court whereby the Commonwealth of Virginia agreed to "make the following recommendation or take the following action: No active penitentiary time; no revocation of any prior sentence (parole); fines, costs, restitution as determined by the Court. . ."

The Court reviewed the Plea Agreement with Petitioner and mentioned the agreement to recommend that there be no revocation of any prior sentence or parole. After the evidence was presented, the Petitioner was sentenced to five years in the penitentiary and a fine of five hundred dollars; the execution of the penitentiary term being suspended upon the condition that he serve twelve months in jail; pay the fine; make restitution for the decedent's hospital bill and be of good behavior for a period of fifteen years. Neither the Court's sentencing nor final order made any reference to the recommendation of the Commonwealth regarding any prior sentence or parole.

At the time of the automobile accident in February of 1984, which precipitated the criminal charges culminating in the guilty plea of December 30, 1985, Petitioner was on parole with the Virginia Department of Corrections. Petitioner left the State after the accident and was arrested

in Kentucky in July of 1985. The Virginia Parole Board, on February 19, 1986, determined that Petitioner was in violation of parole because of the manslaughter conviction of December 30, 1985; an arrest on October 6, 1983, for being drunk in public; an arrest on February 5, 1984, for driving on a suspended operator's license and driving while intoxicated; not reporting the arrests to the Parole Officer; and for changing his residence without the Parole Officer's permission. (March 15, 1984, to July 5, 1985)

A Petition for Writ of Habeas Corpus was subsequently filed in the Virginia Supreme Court resulting in a remand to this Court for a determination of the issues raised in the Petition.

Upon the hearing on April 6, 1987, Petitioner was advised that if the Petitioner entered into a plea agreement with the understanding there would be no parole revocation, the Court would consider setting the Plea Agreement aside and ordering a new trial. Petitioner, through his attorney, asked that the Court refrain from so doing and to determine only whether the Petitioner is entitled to specific performance of the Plea Agreement.

Petitioner cites several Virginia cases holding that all commitments made by the Commonwealth in a plea agreement must be honored and the Court accepting such agreement must adhere to their terms. The cases cited deal with the performance of the trial Judge and Prosecutor directly involved in the trial. In this case we have under consideration a commitment by the Commonwealth's Attorney of the City of Petersburg, part of a plea agreement, to recommend that Petitioner's parole not be revoked because of the charge that the agreement involved. No representation was made by the Commonwealth's Attorney or the Court, nor was it anywhere mentioned in the trial proceedings that the Parole Board would be bound by the Plea Agreement.

Petitioner argues that the Commonwealth of Virginia is bound by the act of its agent, the Commonwealth's Attorney, and must abide by his agreement. On the other hand, Respondent points out that the Commonwealth's Attorneys' duties are prescribed by the Virginia Constitution and in no way involve the functions of the Virginia Parole Board and that the Commonwealth is not bound by the acts of a public officer which exceed his authority. To follow

the Petitioner's logic, a Commonwealth's Attorney acting in the General District Court of Alexandria, Virginia, could enter into a plea agreement which would effectively prevent a Circuit Court in Lynchburg from revoking a prior suspended sentence of that Court because of the charge for which the individual was tried and convicted in Alexandria.

I agree that the Commonwealth's Attorney of the City of Petersburg had no authority to bind the Parole Board without its knowledge or consent; therefore, specific performance should not be granted or directed in this case. Additionally, the fact that the Parole Board considered several other valid reasons for revoking Petitioner's parole, independent of the charges in this Court, further suggest that specific performance is not appropriate in this case.